UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Tyrone Perry, # 281249, | ) C/A No. 4:13-475-RMG-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Sgt. Jimmy Williams;<br>Cpl. Young;<br>McCormick Correctional Institution, | ) |
| Defendants. | ) |

### *Background of this Case*

Plaintiff is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. In the above-captioned civil rights action, Plaintiff has brought suit against a sergeant at the Lee Correctional Institution, a corporal at the McCormick Correctional Institution, and the McCormick Correctional Institution.

The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil rights action arises out of the loss or misplacement of Plaintiff's application for post-conviction relief at the Lee Correctional Institution in 2008. Plaintiff states that on August 1, 2008, he delivered an application for post-conviction relief to Sgt. Williams for mailing. Ultimately, Plaintiff's application for post-conviction relief, when finally received by the Clerk of Court for Chesterfield County, was not timely and the application for post-conviction relief was dismissed as untimely on August 10, 2009. Plaintiff states that he did not appeal the dismissal of his application for post-conviction relief

because he learned that he could do so after the period for a timely appeal had expired. Plaintiff also complains about the opening of his legal mail at the McCormick Correctional Institution on April 5, 2012, and April 9, 2012. In his prayer for relief, Plaintiff seeks $5,000,000 for violations of his constitutional rights, $1,500,000 for actual injury, $2,000,000 in punitive damages, attorney's fees, and court costs.

Appended to the Complaint are an additional thirty-seven pages of exhibits. The first page (ECF No. 1-1, at page 1) is a statement from Plaintiff indicating that the South Carolina Department of Corrections did not timely respond to his grievance (relating to the opening of his legal mail at the McCormick Correctional Institution in April of 2012). Other documents concern a grievance filed by Plaintiff on January 18, 2011. The grievance, which related to the misplacement of his application for post-conviction relief in 2008, was denied as untimely on February 9, 2011. Plaintiff appealed to South Carolina's Administrative Law Court (No. 11-ALJ-04-0219-AP). Counsel for the South Carolina Department of Corrections on or about July 5, 2011, filed a motion to dismiss the appeal because the loss or misplacement of Plaintiff's application for post-conviction relief in 2008 did not implicate a state-created liberty interest (ECF No. 1-1, at pages 4–6). Other exhibits include documents relating to Plaintiff's prior case in this Court concerning the loss or misplacement of his application for post-conviction relief (ECF No. 1-1, at pages 7–17), a letter dated October 5, 2009, from the Clerk of the Supreme Court of South Carolina concerning an *ex parte* letter sent to the Chief Justice of the Supreme Court of South Carolina concerning Plaintiff's post-conviction case (ECF No. 1-1, at page 18), documents pertaining to the post-conviction case (ECF No. 1-1, at pages 19–28), a copy of the Conditional Order of Dismissal issued by the Court of Common Pleas for Chesterfield County in Plaintiff's post-conviction case, Case No. 2008-CP-13-0499 (ECF No. 1-1,

at pages 28–31), and copies of the State's return and the motion to dismiss in Plaintiff's post-conviction case (ECF No. 1-1, at pages 32–37).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint (ECF No. 1) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, this civil rights action is subject to summary dismissal. The

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The McCormick Correctional Institution is subject to summary dismissal because it is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. Inanimate objects, such as buildings, facilities, and grounds, do not act under color of state law. Hence, the McCormick Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."), which are cited in *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008); *cf. Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996) (the futility of a remand to West Virginia state court did not provide an exception to the "plain meaning" of old § 1447(c), even though West Virginia Regional Jail and Correctional Facility Authority was not a "person" subject to suit under 42 U.S.C. § 1983).

Plaintiff's claim regarding the misplacement of his application for post conviction relief was addressed in a prior civil action. On April 12, 2012, Plaintiff brought a civil rights action, *Michael Tyrone Perry v. SCDC; Lee Correctional Institution; Sgt. Jimmy Williams; William A. Byers, Director over SCDC*, Civil Action No. 4:12-1001-TLW-TER, concerning the misplacement of his post-conviction case in the mailroom of the Lee Correctional Institution. In a Report and

4

Recommendation filed in Civil Action No. 4:12-1001-TLW-TER on May 8, 2012, the undersigned recommended summary dismissal *without prejudice* of the case because, *inter alia*, the alleged negligence relating to the misplacement of Plaintiff's application for post-conviction relief was not actionable under Section 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).  Plaintiff was apprised of his right to file timely written objections to the Report and Recommendation.

Plaintiff filed timely written objections on May 23, 2012.  In an Order filed in Civil Action No. 4:12-1001-TLW-TER on August 21, 2012, the Honorable Terry L. Wooten, United States District Judge, adopted the Report and Recommendation and denied Plaintiff's motions to amend. *Perry v. SCDC*, Civil Action No. 4:12-1001-TLW-TER, 2012 WL 3613979 (D.S.C. Aug. 21, 2012), *reconsideration denied*, 2012 WL 5193729 (D.S.C. Oct. 19, 2012).  Plaintiff's subsequent appeal in Civil Action No. 4:12-1001-TLW-TER was not successful.  On December 19, 2012, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this Court.  *Perry v. SCDC*, No. 12-7801, 2012 WL 6604794 (4th Cir. Dec. 19, 2012).

This Court may take judicial notice of Civil Action No. 4:12-1001-TLW-TER.  *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most

frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'"), which quotes *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). Accordingly, dismissal of Plaintiff's claims relating to the misplacement of his post conviction relief application is appropriate.

One new matter is raised in the Complaint in the above-captioned case — the opening of Plaintiff's legal mail on April 5, 2012, and April 9, 2012. Plaintiff alleges that Defendant Cpl. Young opened Plaintiff's mail from the South Carolina Administrative Law Court outside of his presence. To protect against contraband, prison officials may open legal mail to a prisoner only in the prisoner's presence. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). To be classified as legal mail, the legal sender must be specifically identified and the mail must be marked confidential. If such mail is not so marked, it may be opened outside an inmate's presence.[2] *United States v. Scott*, 925 F.2d 83, 88-90 (4th Cir.1991); *see also Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("Prisons, by definition, are places of involuntary confinement of persons who have a demonstrated proclivity

---

[2]Additionally, the alleged envelope containing legal mail that was opened outside of Plaintiff's presence was mailed to Plaintiff from the court. Court documents are generally public records and available for public viewing. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir.2004).

for antisocial criminal, and often violent, conduct. Inmates have necessarily shown a lapse in ability to control and conform their behavior to the legitimate standards of society by the normal impulses of self-restraint; they have shown an inability to regulate their conduct in a way that reflects either a respect for law or an appreciation of the rights of others. "); and *Bell v. Wolfish*, 441 U.S. 520, 559 (1979) ("Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence."). Accordingly, dismissal of this claim is appropriate.

Finally, as a *pro se* litigant, Plaintiff is not entitled to attorney's fees in the above-captioned case. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (*pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

|  |  |
|---|---|
| March 28, 2013 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).