IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Tyrone Perry, #281249, )<br>)<br>  Plaintiff, )<br>) <br>vs. )<br>)<br>Sgt. Jimmy Williams; Cpl. Young; and )<br>McCormick Correctional Institution, )<br>)<br>  Defendants. )<br>)<br>_____) | No. 4:13-cv-475-RMG<br><br>**ORDER** |

This matter comes before the Court following a Report and Recommendation ("R&R") in which the Magistrate Judge assigned to this case, under his initial review pursuant to 28 U.S.C. § 1915, has recommended dismissing this action without prejudice and without service of process. (Dkt. No. 11). After careful review, the Court adopts the R&R.

**Background**

Plaintiff is a prisoner of the State of South Carolina and is currently housed at the McCormick Correctional Institution. He filed this 42 U.S.C. § 1983 action *pro se* on February 21, 2013. (Dkt. No. 1). Plaintiff alleges that, while he was incarcerated at Lee Correctional Institution in August 2008, Defendant Sgt. Jimmy Williams lost his state post-conviction relief ("PCR") application, and that the PCR application was consequently denied as untimely. (*Id.* at 3–4). In addition, Plaintiff alleges that later, while he was housed at Defendant McCormick Correctional Institution in April 2012, Defendant Cpl. Young opened Plaintiff's mail from the state Administrative Law Court outside of Plaintiff's presence. (*Id.* at 4).

On March 28, 2013, the Magistrate Judge issued an R&R based on his initial review under 28 U.S.C. § 1915. (Dkt. No. 11). The Magistrate Judge offered three grounds for concluding that dismissal was appropriate. First, he observed that Defendant McCormick Correctional Institution is not a "person" subject to suit under Section 1983. (*Id.* at 4). Second, the Magistrate Judge noted that Plaintiff has already filed an action raising the same claim concerning the loss of his state PCR application, and that action was dismissed. (*Id.* at 4–6). Third, the Magistrate Judge stated that Plaintiff's allegation that his mail had been opened outside of his presence is legally unfounded because the mail about which Plaintiff complains was not protected "legal mail." (*Id.* at 6–7). Based on these findings, the Magistrate Judge recommended dismissing this action without prejudice and without service of process. Plaintiff did not file any objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Thus, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Nevertheless, in the absence of specific objections to the R&R, this Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Magistrate Judge recommends dismissing this action pursuant to 28 U.S.C. § 1915. Under Section 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing this matter, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a *pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Court has reviewed the Magistrate Judge's analysis in the Report and Recommendation of March 28, 2013, and concludes that he correctly applied the relevant law to reach the proper recommendation.

First, it is appropriate to dismiss Plaintiff's claim relating to the misplacement of his state PCR application. As the Magistrate Judge noted, Plaintiff has already raised this claim in a previous action, and the dismissal of that action was affirmed by the Fourth Circuit on appeal. *See Perry v. S.C. Dep't of Corr.*, No. 12-7801, 2012 WL 6604794 (4th Cir. Dec. 19, 2012). Though that earlier dismissal was without prejudice, such that claim preclusion does not apply, *see De'Lonta*, 330 F.3d at 633, the Court will not reach a different outcome here. Plaintiff offers essentially the same factual allegations as he did in his earlier action: that Defendant Sgt. Williams "lost" his state PCR application, causing him to miss his filing deadline. (Dkt. No. 1 at 3). Unlike in the first action, however, Plaintiff alleges that Sgt. Williams "lost" his documents "recklessly and callously," an allegation of intent that would arguably overcome the well settled bar on negligence-based due process actions. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986). Even so, Plaintiff gives neither a factual basis for his allegation of

Sgt. Williams' recklessness in losing his PCR application, nor any reason to suspect that his application might have been successful but for the alleged delay. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996) (requiring a plaintiff to show "actual injury" to succeed on a denial of access to the courts claim). Thus, even assuming that Plaintiff's allegations are materially different from those in his prior related action, he nonetheless fails to allege "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moving now to Plaintiff's other claim, based on prison officials' alleged tampering with his legal mail, the Magistrate Judge was correct that Defendant "McCormick Correctional Institution" is not amenable to suit under Section 1983. *See Preval v. Reno*, 203 F.3d 821 (Table), 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The Magistrate Judge was also right to conclude that Plaintiff's mail from the Administrative Law Court was not "legal mail" that prison officials are only permitted to open if they are in Plaintiff's presence. *See Wolff v. McDonnell*, 418 U.S. 539, 575–77 (1974). Administrative Law Court documents are generally available to the public. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir 2004). Moreover, mail from that court would not be marked "Confidential," or contain privileged attorney-client communications. *See United States v. Scott*, 925 F.2d 83, 88–90 (4th Cir. 1990). Accordingly, Plaintiff fails to state a claim upon which relief can be granted, making dismissal appropriate under 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For these reasons, the Court adopts the Magistrate Judge's Report and Recommendation, (Dkt. No. 11), and DISMISSES this action without prejudice and without service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
April 19, 2013